IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT FAZIO, et al., | ) | CASE NO. 1:02CV157 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Judge John M. Manos |
| | ) | |
| LEHMAN BROTHERS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OF OPINION</u> |

On August 27, 2005, Plaintiffs Robert Fazio, Fazio Investment One, and Fazio Investment Three Limited filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) (Docket No. 214). Specifically, these Plaintiffs request that the Court vacate its dismissal dated April 25, 2005, and vacate the arbitration award as to them dated October 20, 2004. The parties have fully briefed these issues.

For the following reasons, the motion is DENIED.

I. <u>FACTS</u>

This action is one of many arising out of investment fraud committed by broker Frank Gruttadauria, a former employee of the Defendants. In October 2003, the parties voluntarily submitted to a Special Arbitration Process ("SAP") created by the NYSE designed to handle in

an expedited matter claims relating to Gruttadauria's conduct. By the terms of the SAP, the Plaintiffs agreed to "dismiss with prejudice any [court] action or proceeding after a decision or award is rendered by the arbitrator and, if necessary, satisfied by the Firm(s)."

On October 20, 2004, the arbitrators rendered their decision, which included *inter alia* an award of only $100,000 to Plaintiff Fazio One, and a zero award to the other movants. The awards to Fazio One and to the non-movant Plaintiffs have been satisfied.

On April 25, 2005, the Court dismissed the action ruling that dismissal was required by the SAP. Initially, the Plaintiffs appealed, but on July 20, 2005, the Sixth Circuit dismissed the appeal on the Plaintiffs' own motion for voluntary dismissal. Instead of pursuing the appeal, they sought relief by filing a motion to intervene in related litigation brought by the SEC and pending before another judge of this Court. On August 24, 2005, their motion to intervene was denied. On August 27, 2005, they filed the current motion.

Though the briefs and arguments are lengthy, the primary bases of the current motion is alleged arbitrator bias and misconduct. The first set of allegations relates to arbitrator Charles L. Marinaccio. The arbitration rules require that only one member of a panel be classified as a Securities Panel (Industry) Arbitrator, while the other two members must be Non-Securities (Public) Arbitrators. In his Profile Form, Marinaccio disclosed that over three decades of practice he had extensive experience working on behalf of industry entities, but nonetheless he was classified as a public arbitrator. On April 20, 2005, after the time for challenging the arbitration award had expired, the Director of Arbitration for the NYSE informed the Plaintiffs that Marinaccio had been misclassified as a Public Arbitrator. He was reclassified as an Industry Arbitrator. The Plaintiffs argue, therefore, that their panel improperly had an industry majority,

so the award must be vacated.

The second set of allegations relate to arbitrator Michael L. King, the Public Arbitrator. During the arbitration, King was involved in disciplinary proceedings stemming from several complaints of misappropriation of client funds, the failure to maintain an address, office, or reachable telephone number, and unprofessional representation of clients. On December 22, 2003, the original disciplinary complaint was lodge, and on April 6, 2004, it was amended. King did not disclose these disciplinary actions until September 15, 2004, when the arbitration proceedings were well underway. The disclosure was simply an e-mail to the Arbitration Department of the NYSE, which stated:

> I am the subject of a professional grievance, the genesis of which is I did not appropriately handle various closed files. I deny any wrongdoing, and affirmatively state that my ability to fairly and effectively continue in this arbitration is unaffected.

The e-mail also identified the docket number of the disciplinary proceedings.

On September 16, 2004, the e-mail was shared with the parties, but the Plaintiff did not object to King's continued service, nor was any additional time sought to permit a further investigation. Instead, the Plaintiffs' counsel explicitly accepted King's continued service. From September 21-24, 2004, the arbitration hearing continued with additional testimony and closing arguments. On October 20, 2004, the panel rendered the decision at issue.

On December 28, 2004, the Board of Commissioners on Grievances and Discipline for the Supreme Court of Ohio recommended an indefinite suspension for King. In their brief, the Plaintiffs state that they received copies of the disciplinary complaints in mid June 2005. On August 15, 2005, the Supreme Court suspended King indefinitely. The Plaintiffs argue that King's disciplinary proceedings were neither properly nor timely disclosed and rendered him

-3-

unfit to be an arbitrator.

On August 27, 2005, the Plaintiffs filed the current motion pursuant to Fed. R. Civ. P. 60(b)(2). They argue that the circumstances of Marinaccio and King constitute "newly discovered evidence which by due diligence could not have been discovered in time" to meet the ninety day deadline for challenging the arbitration award. They further argue that this "newly discovered evidence" requires that this Court vacate its dismissal and the arbitration award.[1]

## II. LAW AND ANALYSIS

A motion to vacate an arbitration award must be filed within three month's of the decision. 9 U.S.C. § 12. The current motion was filed well beyond this time period, and the parties dispute whether the doctrine of equitable tolling can be a basis for extension. The Sixth Circuit has not directly recognized equitable tolling in this context, but has stated that any such tolling would require the movant's diligence in pursuing his rights. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Berry, 92 Fed. App. 243, 245 (6th Cir. February 26, 2004). Similarly, to obtain relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2), the movant must have acted with due diligence in its claims based upon newly discovered evidence. Good v. Ohio Edison Co., 149 F.3d 413, 423 (6th cir. 1998). The Court concludes that the Plaintiffs have not met the diligence requirement.

With respect to arbitrator Marinaccio, the Court concludes that his reclassification does

---

[1] The Plaintiffs also assert more general arguments that the arbitration award stems from manifest disregard of the law and otherwise is flawed on the merits. The Court concludes that any grounds for relief not based on arbitrator circumstances are not properly before the Court. Such additional arguments do not arise out of the alleged "newly discovered evidence" and thus are not timely. The Court, therefore, limits its discussion to whether the circumstances of Marinaccio and King warrant relief.

-4-

not even qualify as "newly discovered evidence". All the information concerning Marinaccio's ties to the securities industry was disclosed to the Plaintiffs in his Profile Form and related documents. Thus, the Plaintiffs were fully aware of such ties and could have objected before the arbitration commenced. Marinaccio's reclassification does not alter the substance of his ties, and, therefore, by itself does not constitute a basis for concluding that he was secretly biased. Accordingly, his reclassification is not new evidence because it does not constitute new information regarding his substantive experience and contacts with the securities industry.

In addition, by the Plaintiffs' own account they learned of the reclassification on April 20, 2005. At that time, the Defendants' motion to dismiss was still pending, and yet the Plaintiffs never informed this Court that an issue had arisen with respect to Marinaccio's fitness as an arbitrator. They did not even request additional time to investigate the matter. Accordingly, the Court concludes that the Plaintiffs did not exercise due diligence sufficient to justify equitable tolling or relief from judgment.

With respect to arbitrator King, on September 16, 2004, the Plaintiffs learned of the disciplinary proceedings by e-mail. Additional arbitration hearing days were scheduled to begin later that month on September 21. The Court agrees that the e-mail is grossly deficient and understated in its failure to convey the seriousness of the charges. However, the existence of disciplinary proceedings was in fact disclosed, and a docket number was provided.[2] The

---

[2] The Plaintiffs stress that the e-mail referred only to a "grievance", implying that only a single charge of misconduct was involved. However, in the same sentence the e-mail states that King allegedly "did not appropriately handle various closed files." (Emphasis added.) Thus, the e-mail references multiple grounds for discipline at least sufficient to spur additional investigation. The Plaintiffs, therefore, overstate their position that the e-mail conveyed that there was only a single instance of alleged misconduct.

-5-

Plaintiffs, therefore, had the wherewithal to investigate further.

Instead, the Plaintiffs did not nothing except decline to object to King's continued service. They did not even request additional details, nor request a continuation of the arbitration proceedings to permit further investigation. Rather, they made a strategic choice to avoid more delay. The Plaintiffs cannot complain now that they made a poor decision. Accordingly, the Court concludes that the Plaintiffs did not exercise due diligence sufficient to justify equitable tolling or relief from judgment.

In addition, by their own account they received copies of the disciplinary complaints in June 2005. At that time, the appeal of this Court's dismissal was still pending, yet they again did not notify this Court (or the Sixth Circuit) that an issue had arisen with respect to King's fitness as an arbitrator. Rather, in July 2005 they dismissed the appeal and sought intervention in the related SEC action. They returned to this Court only after their motion to intervene was denied. These facts also demonstrate a lack of diligence with respect to the "new evidence" claims.

III.

For the foregoing reasons, the Plaintiffs' motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(2) (Docket No. 214) is DENIED.

IT IS SO ORDERED.

Issued: February 7, 2006                  s/ John M. Manos
                                                               UNITED STATES DISTRICT JUDGE